UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 10-CV-81307-COHN/SELTZER

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.

SUBHASHCHANDRA PATEL and
HEMLATABEN PATEL, individually
and as Husband and Wife; ROYAL'S OK
LUNCH, INC., and CANE ENTERPRISES,
INC.,

    Defendants.
_____/

### ORDER VACATING CLERK'S DEFAULT RE: CANE ENTERPRISES, INC.

**THIS CAUSE** is before the Court on Defendant Cane Enterprises, Inc.'s Motion to Vacate Clerk's Default [DE 27] ("Motion").  The Court has reviewed the Motion, Nautilus Insurance Company's Verified Response [DE 29], and is otherwise advised in the premises.

Defendant Cane Enterprises, Inc. ("Defendant") represents that "[o]n or about March 7, 2011, Defendant's principal officer, Dinesh Patel, received a Clerk's Default via U.S. Mail, but did not receive a copy of Plaintiff's Verified Motion for Default filed on March 2, 2011."  Motion at 1 (citations omitted).  Defendant promptly retained counsel. See id.  Defendant also observes that "the Court entered an Agreed Order on Unopposed Motion for Enlargement of Time to Respond to Nautilus Insurance Company's Motion for Summary Judgment on March 21, 2011, granting the Defendant ROYAL'S OK LUNCH, INC. until April 4, 2011 to respond to the Motion."  Motion at 2 (citations omitted).  Defendant therefore submits that "should it be granted the relief

requested herein, [Defendant] will file its response to the Motion for Summary Judgment within said time period, resulting in no prejudice to Plaintiff." Id. Plaintiff has no objection to Defendant responding to the motion for summary judgment. Response at 5. Nonetheless, Plaintiff opposes the relief sought here (i.e., vacation of the Clerk's Default).

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible," Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F. Supp. 1534 (S.D. Fla. 1996), and a court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion, 88 F.3d 948, 951 (11th Cir. 1996). To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

Plaintiff contends that Defendant's failure to obtain counsel and respond to the Complaint in a timely manner was both willful and culpable. To support that contention, Plaintiff submits that "Cane Enterprises' Registered Agent, Dinesh Patel, attended the scheduling conference on January 6, 2011 and was advised by the court on several occasions that since Cane Enterprises was a corporation, that he could not represent Cane Enterprises, that Cane Enterprises could only appear through counsel and advised Mr. Patel to retain counsel." Response at 2-3. Notwithstanding, "Cane Enterprises chose ignore [sic] the Court's advice and did not hire counsel to protect its interests." Id. at 6. Plaintiff further argues that "Discovery in this case closes

in two weeks and vacating the default will prejudice Nautilus by forcing it to go forward with no discovery as to this defendant." Id.

Here, the Court finds that Defendant's default was not culpable or willful in that Defendant's agent apparently did not grasp the relationship between himself and the corporate defendant. Likewise, because Defendant is prepared to file its response to the pending motion for summary judgment at the same time as its co-defendant, the Court finds that setting aside the default would not prejudice Plaintiff. To the extent that Plaintiff needs discovery, Plaintiff can move the Court to extend both the discovery deadlines and the deadline for Plaintiff to file its reply in support of its motion for summary judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Cane Enterprises, Inc.'s Motion to Vacate Clerk's Default [DE 27] is **GRANTED**. The Clerk's Default [24] against Defendant Cane Enterprises, Inc. [DE 24] is **VACATED**. Defendant Cane Enterprises, Inc. shall file a response to Plaintiff's Motion for Final Summary Judgment [DE 22] no later than April 4, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 4th day of April, 2011.

_____
JAMES I. COHN
United States District Judge